### No. 11,396.

C. H. PARKER, STATE TAX COLLECTOR, VS. SHAREHOLDERS OF THE SOUTHERN BANK.

The attorney appointed to assist the tax collector is not an assistant to that official in his capacity as tax collector, but is appointed as a necessity for the purpose of bringing suits, which is an employment separate from and independent of the duties of the tax collector's office. Sec. 54 of the Act 55 of 1818 is not in conflict with Arts. 52, 203, 210 of the Constitution.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

---

R. Lyons Attorney for Plaintiff and Appellant.

---

Farrar, Jonas & Kruttschnitt Attorneys for Defendants and Appellees.

---

The opinion of the court was delivered by

McENERY, J. The plaintiff tax collector proceeded by rule against defendants, under Sec. 54 of Act 55 of 1888, to compel them to deliver the personal property assessed and taxed to them. The rule was discharged and the tax collector has appealed.

The defences to the rule are:

1. That the assessment of shares to the shareholders is made in block, and not individually to the shareholders.

2. That the appointment of an attorney at law to aid the tax collector is null and void, being in violation of Articles 52, 210, 203 of the Constitution of the State.

The first point has been disposed of in the case of Castles vs. City of New Orleans, just decided.

On the second ground the defence to the rule is equally untenable. Article 52 of the Constitution says: "The General Assembly shall have no power to increase the expense of any office by appointing assistant officials."

The answer to this is that the attorney appointed to bring suit for the tax collector is not an assistant to that official.

Section 54 of said act authorizes the tax collector to proceed by rule in a summary manner against the delinquent tax-payer when he can not make a seizure of the personal property assessed because of its nature, or when the tax-payer controls the property in such a manner that he can not "lay hands upon it."

The employment of an attorney at law to institute and prosecute the proceedings is a necessity. His duties are not such as to make him an assistant tax collector any more than the clerks employed in the tax collector's office constitute them assistant tax collectors.

Article 203 of the Constitution relates only to the equality of taxation. Article 210 declares that there shall be no forfeiture of property for non-payment of taxes, and provides that the collector shall sell the property assessed without suit. The proceedings authorized by the Act 85 of 1888 in no way violates this article, as the authorized proceeding is not against the property for the purpose of provoking a practical sale, but against it and the tax-debtor to compel its delivery, so that the tax collector can dispose of it as authorized by said article of the Constitution.

The judgment appealed from is therefore annulled, avoided and reversed, and it is now ordered that the sale be made absolute, as prayed for, the defendants in rule to pay costs.

Rehearing refused.